IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| LINDA V. PHILLIPS | § | |
|---|---|---|
| | § | |
| VS. | § | CIVIL ACTION NO. G-07-005 |
| | § | |
| HAROLD PHILLIPS | § | |

## OPINION AND ORDER

Before the Court is the "Motion to Remand" of Plaintiff, Linda V. Phillips, filed on February 1, 2007; Defendant, Harold L. Phillips, filed his response in opposition to the Motion on February 23, 2007.

As an initial observation, I note that as a United States Magistrate Judge, I have the authority to rule on this Motion under 28 U.S.C. § 636(b)(1)(A). See Vaquillas Ranch Co. Ltd. v. Texaco Exploration & Production, Inc., 844 F.Supp. 1156, 1160-63 (S.D. Tx. 1994)

Harold Phillips removed this case from the 306th Judicial District Court of Galveston County, Texas. The removed case was originally the divorce proceeding between the parties. As a result of prior suits brought in this Court by Harold Phillips, I know that the state court proceedings in this removed case have been extensively ongoing and acrimonious. At the time of its removal, there was a new pending "Motion for Enforcement of Child Support Order" which had been filed by Linda Phillips on September 25, 2006. Harold Phillips was served with process and a copy of the Motion on November 10, 2006. On January 3, 2007, he removed the case to this Court.

In general, a Defendant must file a Notice of Removal within thirty (30) days after receipt of the first pleading, or in this case Motion, in the state court action that sets forth a removable

claim.  In my humble opinion, the Motion for Enforcement filed by Linda Phillips did not set forth a removable claim; the constitutional claims upon which removal was based all involve counter-claims asserted by Harold Phillips in his on-going efforts to attack the validity of the state court proceedings.   Regardless, Harold Phillips concedes in his Notice of Removal that, "this case…became removable on November 10, 2006."  Despite this concession, he alleges that by filing his Notice of Removal on January 3, 2007, he "did timely file this Notice of Removal within the 30 day time period required by 28 U.S.C. § 1446(b) since this Honorable Court was closed on January 1, 2007, for New Year's Day and was again closed on January 2, 2007, in observance of President Gerald Ford."  With all due respect to Harold Phillips, even assuming the case were removable, 30th day after November 10, 2006, appears, by my calculations, to have been December 10, 2006, a Sunday; therefore, under Rule 6 of the Federal Rules of Civil Procedure, the thirty-day time period expired on Monday, December 11, 2006, a day when the semi-tropical winter weather of Galveston had this Honorable Court up and running.  I have tried, without success, to duplicate Harold Phillips' arithmetical computation, so I remain convinced, at least by a preponderance of the evidence, that the Notice of Removal was untimely filed.

Nevertheless, since I was never very good at math and there are rare times when a federal court might entertain child support matters, e.g. Jagiella v. Jagiella, 647 F.2d 561, 564 (5th Cir. 1981), I also believe this case clearly falls within the domestic relations exception to federal jurisdiction.  Under this exception, the federal courts have traditionally refused to take cases involving domestic relations matters for several reasons: the strong state interest in domestic relations matters, the expertise and competence of state courts in settling family disputes in accordance with state law, the possibility of incompatible federal and state court decrees in such

cases, the continual judicial supervision needed by the state, the lack of any federal interest in such cases, and the problems of congested dockets in the federal courts.  See Couch v. Couch, 566 F.2d 486, 487 (5thCir. 1968), see also Rykers v. Alford, 832 F.2d 895, 899-900 (5thCir. 1987) Each of these reasons cautions against the exercise of federal jurisdiction in this particular case.

For the foregoing reasons, it is **ORDERED** that the "Motion to Remand" (Instrument no. 2) of Plaintiff, Linda V. Phillips, is **GRANTED** pursuant to 28 U.S.C. § 1447, and this case is **REMANDED** to the 306th Judicial District Court of Galveston County, Texas, for all further proceedings.

It is further **ORDERED** that Linda V. Phillips' request for an award of costs, expenses and attorneys' fees is **DENIED**.  Such awards are discretionary, Valdes v. Wal-mart Stores, Inc., 199 F.3d 290, 292 (5thCir. 2000), but, more significantly, such awards are appealable while an Order of Remand under § 1447 is not.  Liberty Mutual Insurance Co. v. Ward Trucking Corp., 48 F.3d 742, 745 (3d Cir. 1995)

**DONE** at Galveston, Texas, this _____27th_____ day of February, 2007.

_____
John R. Froeschner
United States Magistrate Judge

3